The third case for this morning is 23-1400, United States v. Ford. Would counsel for appellant make your appearance and proceed? Thank you and good morning again. May it please the court. Mr. Mahan, my name is Gayle Johnson and I represent Kill U. Ford in this appeal from his resentencing. We're here today on de novo review of a narrow but nonetheless very important issue of statutory interpretation. Whether the district court at resentencing was required to impose a 25-year mandatory minimum sentence on Mr. Ford under 18 U.S.C. section 3559 F2. So this court's precedents, in particular Navajo Nation and Duncan, teach that, of course, one of our most basic canons of statutory construction is to avoid surplusage and that the court should be especially unwilling to treat some statutory language as surplusage when that term occupies a pivotal place in the statutory construct. And that's what we have here because the language that is essentially becomes redundant is the crime of violence language if the crime of violence is kidnapping. Well, under the government's theory, kidnapping is ipso facto crime of violence, then that language is the crime of violence phrase becomes surplusage. And this court should avoid such construction. And the fact that that language of occupies a pivotal place in the statutory scheme is clear from the title of that subsection, which is mandatory minimum terms of imprisonment for violent crimes against children. Under your argument, are you asserting that there could be some kidnappings that would be subject to a mandatory minimum with certain specific findings of fact made, or are you asserting that all kidnappings would be essentially constitutionally infirm in light of post-Demiah determination? In other words, is the concern that there were not specific findings that would have cabined this kidnapping in a way that would allow this kidnapping to be subject to a mandatory minimum? Or are you saying that kidnapping itself, essentially post-Demiah, needs to be written out of the statute because there could not be a kidnapping that would satisfy, that would be constitutionally firm? Yes, I'm saying this, and this is a, I fear that the briefs were not clear enough, so I very much appreciate... I struggled with that, and therefore I'm trying to clarify now. I appreciate the question. So, when we are engaged in statutory construction, I think that is, at its base, at its core, an exercise in discerning congressional intent. And I think the timeline is important here because Congress adopted this 25-year mandatory minimum in 2006. That long predates the decision in the U.S. Supreme Court's decision in Johnson in 2015, which addressed, of course, the residual clause in the ACCA and held it was unconstitutionally vague. That long predates the U.S. Supreme Court's decision in Sessions v. Demiah, which specifically addressed this residual clause in 16b. So, Your Honor, the way I would phrase it is, when we're thinking of, at the time Congress adopted it, they could have thought that there were going to be kidnappings, some that were crimes of violence, some that weren't. Under today's law, with the benefit of this U.S. Supreme Court jurisprudence from 2015, 2018, etc., we now know that the residual clause in 18 U.S.C. Section 16b is unconstitutionally for vagueness. And we know that the categorical approach applies and that the elements clause doesn't apply here as well because of the invagling. So, yes, I think it's sort of check to Congress. Congress can come back and rewrite the crime of violence statute. I do not believe it is done so, but that is certainly their option and they can bring this back in that way. There is a workaround on it that's different from what ordinarily occurs. Ordinarily, you look at some past conviction that is done and closed and the current judge has no say on the matter at all. And all the judge can do is look at the record of some past conviction. There, we say, you know, that we are not going to let you look at, you're going to have to look at a categorical approach to see if that prior conviction was an element of force or not because you can't go back and do anything about it. But Judge Holmes, Judge Holmes' question to you was saying, what if everything is in the capsule of a current case where the trial judge does have something to do to say about it? Why couldn't the trial judge think to himself, I've got two options here on a conviction, I mean on a kidnapping. If I get a finding from the jury that an element of force, one of those iterations of force is found by the jury, I can go 30 years. If I get an iteration from the jury that it was in biggling, I can only go 25. I have that option without changing these statutes at all. So I can simply ask a special interrogatory of the jury. What of the various criteria for kidnapping in this statute, which ones are you relying upon to find guilt, if you find guilt? And you just ask. If they found in biggling, you can only go 25. If they find something other than in biggling, you can go 30. But you don't have that option in the normal situation we've struggled with, with DeMai and all of those where we're trying to say, what happened on a far distant case that we can't change jury instructions or anything else? We're stuck. We have to use a modified categorical or a categorical approach. Here, we can fix it. Obviously, the better fix is eventually to go back to the Congress and say, why don't you just take the word in biggling out of this? So I have a few responses to that. The first is, Your Honor, while you're absolutely correct that in Johnson and DeMai, what was at issue there were prior convictions, we then have the 2019 decision in Davis versus United States from the US Supreme Court, which I believe is the first time that the court has then applied that categorical elemental approach to a current conviction, namely in that case 924c3. And I believe it's for that reason the government has not disputed here that the kind of that the regular categorical approach applies. I just, tell me that case. I mean, it's one I'm familiar with, but I'm just drawing a blank on what you said. Davis versus United States. Yeah. Okay. And then, of course, you know, even if that were theoretically possible, we don't have such a special interrogatory here. So, you know, and I would... I don't really understand the surplusage argument. I mean, this statute, it seems to me, could be naturally read to specify various mandatory minimums for things that Congress presumed to be crimes of violence. And when I first started getting into this case, it seemed like the most natural reading in the world to me to say that what Congress was saying, okay, we're going to provide mandatory minimums for crimes of violence against children. If it's a crime of violence of murder, this. If it's a crime of violence of kidnapping, this. Well, implicit in that is that the kid, what it's doing is telling you for this particular crime of violence, this is what the penalty is. So Congress is telling you that it's already identified these as being crimes of violence. There's no surplusage in it just saying, if this particular crime of violence is that issue, this is mandatory minimum penalty. Tell me, I mean, it just seems like that was a logical way to read it. I mean, that the thing says mandatory minimum terms of imprisonment for violent crimes against children in the heading, violent crimes against children. Okay. Now let's talk about particular violent crimes against children and tell you what the mandatory minimum is for those particular crimes of violence against children. Okay. When we get to kidnapping, here's a crime of violence against children. Here's the penalty. Logically structured, it makes all the sense in the world to me. There's no surplus there. It's an identification issue. It's telling you as it relates to this particular crime of violence, this is what the penalty is. Tell me why that doesn't make sense. Your Honor, because all the court needed, I'm sorry, all that Congress needed to do if it wanted to enumerate kidnapping as a crime of violence was to say, if the conviction is kidnapping, then 25 years. Artful drafting is not an answer. Congress has written a lot of crappy statutes. That doesn't get you anywhere. So tell me why, you know, so the fact that Congress has decided to write in an artful statute doesn't mean that this could not be a reasonable reading, plausible reading of this and not absurd reading of this statutory text. Why is that wrong? It's a surplusage reading. The phrase crime of violence in that section is surplusage because if you were to accept the government's argument, that is ipso facto baked into kidnapping. And that's why argument is correct. What we're doing is identifying the particular crime of violence that we're talking about. We're saying if it's this kind of crime of violence, kidnapping, this is what you do. If it's this crime of violence, murder, this is what you do. The inference being that they are crimes of violence, we're just telling you what the penalty is for them. So in paragraph F, it has to be a crime of violence first before you get to subsection 2. So first it has to be a crime of violence and then we say if that crime of violence is kidnapping. If they were saying all kidnapping is crimes of violence, they would just say if kidnapping, then 25 years. That's not what they said. Congress, it may well be the ideal way to write the statute. That doesn't answer the question. So tell me, what is the operative test here? Because it seems to me, as I understand it, if you can come up with a natural logical reading of this that is not absurd, then you lose. What legal principle do you have that tells me that's wrong? Because when I read it, there's nothing absurd about the structuring of this, such that it is in fact an identification of the particular crime of violence that is at issue. Actually, it's clearer to me to write it that way. Because you're not just saying one murder, two kidnapping. You're saying if it is this kind of crime of violence, this is what it is. So my question to you is, what would be the legal test that would say that what I have just articulated as being what was the most natural reading to me, what would be the legal test to say that we could not follow that principle? Well, the legal test for surpluses generally comes from Navajo Nation. And the issue is that you must read a statute so that no part will be inoperative or superfluous. Each phrase must have distinct meaning. And what I'm saying is I don't view that as surplusage at all. I mean, and therefore, my question to you is, what would be the guardrail that would say that if my natural reading of that is actually that helps me understand the statute? And so it's not, you know, it is not. How far, what is the distinction between surplusage and additional words? If I have additional words to help the reader understand the clarity of the statute, is that surplusage? Well, if the words are, or the phrase does not have its own distinct meaning and is inoperative or superfluous, then that is surplusage under our precedence. And so again, here, it has to be a crime of violence first, and then it has to be a crime of violence plus kidnapping. It has to be the intersection of those two. Nowhere does it say crimes of violence include kidnapping. That's not what the statute says. It's different from the ACCA. If you look at the enumeration in the ACCA as a comparator, I think that is useful. Specifically, I may have a moment, 18 U.S.C. section 924C2. In that context, the Congress said the term violent felony means any crime punishable by imprisonment for a term exceeding one year, that is burglary, arson, or extortion. That's how Congress enumerates offenses. That's different than what they did here. And here, the phrase crime of violence in section, subsection F2 becomes superfluous. And is there any canon that would suggest that these two statutory provisions would have to be written along the same lines? I mean, is it where they did they come out around the same time? Is there some reason to believe that Congress had to adhere to the same principles of statutory construction and writing one as opposed to the other? I'm trying to play your argument. And if your argument would mean that there is some inference that I should draw from the fact that Congress did it this way in 924C, well, there's no necessary correlation that Congress had to do it the same way when it did another statute, unless there's something about the circumstances of the drafting that would give rise to that inference. So my question to you is, are you aware of anything about the circumstances of the drafting of these two statutes that would lead me to conclude they have to be, they should be, or it would be natural to read them as being one? I'm not making that argument, Your Honor. What I am simply pointing the court to the ACCA for is as an illustration of how Congress knows how to enumerate offenses. If I might save my remaining minute and a half for rebuttal. Thank you. Sure. Morning, Your Honors, and may it please the Court. Rajiv Mohan for the United States. The district court correctly applied the 25-year mandatory minimum here because Section 3559F2 enumerates kidnapping as a crime of violence for purposes of that provision. To impose the sentence, if the crime of violence is kidnapping, is to say that kidnapping is a crime of violence. Let me interrupt you there, and perhaps you're the one I should have been questioning on this because you're on the other side of that argument. If we go to 3559, it does not say, if the crime of violence is kidnapping, do such and such. It says, if the crime of violence is kidnapping, as defined in 1201, not just any kidnapping, but kidnappings defined in 1201. So you go to 1201, and it says kidnapping. Whoever seizes, confines, invigilates, decoys, kidnaps, and so forth is that. So what that is saying is it's not just all crimes of kidnapping. It's only crimes of violence which are defined in 1201 to include invigilating, and invigilating, we know, is not necessarily requiring force. And so it seems to me that we cannot say just on this case that this defendant, by being convicted of kidnapping, was necessarily, was convicted necessarily of a crime of violence. I'm suggesting that if a court really wants to give 30 years, the court can work around that by saying, look, let's not do the jury. You tell me on 1201 which of those criteria you're going to rely on. But we can't tell it in this case because you didn't do that. And so in this case, we have got an unavoidable possibility that this jury found kidnapping because of invigilating. That would not meet the current Supreme Court definition of violence, and therefore that does not meet the test for a 30-year requirement. Now I'd like to know where that, I'm not talking about history, I'm not talking about anything else about the statute or what Congress was thinking or not thinking, just address that analysis of defining kidnapping by 1201, which contains the word invigilating, and tell me why we should not, why we should say that invigilating a nonviolent factor is not a possibility upon which this defendant was convicted. And I'm not saying that you should say that. I agree with you that if we were limited to the elements clause, kidnapping would not satisfy the elements clause because it can be committed by invigilating. My point is that in— We can't be relying on the catch-all clause. Correct. And so, and it's not an enumerated clause because if it were simply said enumerated, it would just say kidnapping. But the enumeration here wasn't just kidnapping. It's a special kind of kidnapping. Defined by 1201. So it seems to me that you and I, I mean, I think I agree that we can't say it's an element. We can't say it's residual. But I don't think we can say that it is an enumerated clause since the enumeration refers to 1201. And 1201 has the word invigilating in it. Well, let me put it this way. I think that Congress supplemented the elements clause with section 3559F2, and I do read it as an enumeration. So when Congress imposed the sentence, quote, if the crime of violence is kidnapping as defined in section 1201, I think it intended for that sentence to apply to all kidnappings as defined in section 1201, whether or not the— All kidnappings except the kind of kidnapping defined in 1201, which uses the word invigilating. To me, that's not the most natural reading of the statute. To me, when Congress says kidnapping as defined in section 1201 warrants this sentence, it meant what it said. And all kidnappings under section 1201 qualify for the mandatory minimum sentence if the victim is a minor. I thought I just heard you say that invigilating was not a crime of violence. Invigilating—kidnapping does not satisfy the elements clause. I agree with that. And so if the definition of crime of— Invigilating is not violence. Invigilating can be done without violence. Do you agree with that? I would. All right. So my point is that Congress supplemented the elements clause. And let me maybe put it this way and pick up on a point you made, Chief Judge Holmes, earlier that I think when Congress passed the statute in 2006, the residual clause was still valid. I think Congress probably presumed at that point that kidnapping satisfied the definition in section 16 under the residual clause, which is how kidnapping had typically been sustained as a crime of violence pre-Demiah. But I think that Congress enacted that presumption into federal law with the text of 3559-F2. And I think at that point, it became irrelevant whether that assumption later proved unfounded as it turned out to be given the vagueness of the residual clause, because Congress specifically stated its intent for kidnapping to be treated as a crime of violence for purposes of this mandatory minimum sentence. Well, by supplement the elements clause, now I understand you to mean that what you're saying is even though in vaguely would not satisfy the elements clause, Congress, as a matter of dictate, would say that any kidnapping under 1201 is a crime of violence. Is that what you're saying? For purposes of the mandatory minimum, we're not saying that kidnapping is now a crime of violence for purposes of section 924C or any other provision. But I think in this specific context where Congress has dealt with this issue, it is treated as a crime of violence for section... Except that if they had wanted to say, we are declaring in 3559-F2 that kidnapping is a crime of violence, they could have said that. They would have said that. But they didn't say if the crime of violence is kidnapping, then do this. They said if the crime of violence is kidnapping, as defined in section 1201, not just kidnapping. So we are just forced back into the definition of 1201 for kidnapping. Yeah, two questions that come out of that. One, if I understand you correctly, then you're saying that as it relates to this subsection 2, in effect, Congress is taking some provision that otherwise would not carry the crime of violence moniker. And you're saying that Congress could, for purposes of this particular provision, can say, the car is red here. Everywhere else, the car is green. But here, you got to tell me the car is red. Well, that doesn't hit the smell test very well. One would understand that to be the case. So what do we do with that, one? And two, perhaps a more basic question, is everybody seems to be marching to the tune of the drummer that section 16's definition has been, in some sense, effectively or tacitly incorporated into this statute. What is the foundation for that? I mean, what allows one to make the implication that somehow or other would the section 16 definition of crime of violence applies here? Sure. And let me take those in turn. Oh, I thought you were going to take the easy one first. The first one I view as more difficult. Sure. I suppose the short answer is that I think it's within Congress's authority to define the red car as green. But I don't think what Congress did here was that extreme, precisely because when Congress passed section 3559F2, kidnapping was a crime of violence under the residual clause. Indeed, that was why the defendants here were charged with 924C convictions. So it's not as though Congress were calling wire fraud a crime of violence. It was calling something that at the time was considered a crime of violence a crime of violence. So I think that was both within Congress's authority and a plausible determination by Congress. The second point, I assume that the general definition applies simply because section 16 appears in the general provisions of the United States Code. And let me maybe use an example that I think illustrates that point and why the phrase crime of violence isn't surplusage in section 3559F as a whole. Because if you look at subsection F3, it applies a 10-year mandatory minimum if the crime of violence results in serious bodily injury or if a dangerous weapon was used during and in relation to the crime of violence. And because there are no specific enumerations in that statute, I think the court would look to the general definition in section 16, and an offense would have to satisfy the elements clause in order to qualify for that 10-year mandatory minimum. My point with respect to section F2 is that it adds to that general definition in section 16. So I think both statutes come into play here, if that makes sense. And let me back up and understand your sort of historical argument. You're saying that at the time of that, was the perception that all kidnappings under 1201 would be subject to the residual clause as being crimes of violence or not? That's my understanding. I think this court in Mr. Ford's direct appeal did not deal with this precise issue. But Mr. Ford argued that the crime of violence determination should be sent to a jury. And in the course of rejecting that argument, this court had held in Mr. Ford's direct appeal that, you know, as a matter of law, it's a legal question. Kidnapping is a crime of violence as a matter of law for purposes of section 924C. But obviously, that was pre-Demiah. And when Demiah came down, the government consented to vacator of the defendant's 924C convictions on the theory that those convictions could only, you know, first of all, those convictions were sustained based on kidnapping was the predicate crime of violence. And after Demiah came down, the government agreed that the 924C convictions could no longer be sustained because kidnapping could only be sustained under the residual clause and the residual clause was invalid. Okay. So the argument would be that at the time that Congress did this provision, F-2, it believed that all kidnappings as defined in 1201 could conceivably be crimes of violence because of that residual clause. Then the question becomes essentially, can we presume, can we read the statute to say the red card, green card thing that I talked about, right? That even if provisions under 1201 that would not be crimes of violence under the current law, nevertheless, Congress has spoken to them as being crimes of violence. Do I understand you correctly? I think that's right. And I further don't think there's anything in the statute to suggest that Congress's imposition of the penalty was somehow contingent on future interpretations of the validity of the residual clause or the elements clause or anything like that. You know, I think this might be a different case if Congress said, you know, if kidnapping is a crime of violence, but I think it said something very different in saying if the crime of violence is kidnapping. Why can't an elegant way to view this statute be the one that Judge Ebel alluded to, which is simply to say that in the current form, not every crime of violence under 1201 is a, well, not every provision, form of kidnapping, means of kidnapping under 1201 is a crime of violence. And so in the instructions, you would enumerate, do one way or the other, list out the ones that aren't crimes of violence and say, if it's any of these, you indicate on the verdict form to that effect, or do one way or the other to sort out the offenses in 1201 that are crimes of violence from the offenses that are not. And then with that verdict form, the judge can decide whether the mandatory minimum applies or not. Why isn't that a way to read the statute that avoids the red car, green car phenomenon, which strikes me as being a little odd? Sure, and I guess two responses. First would be, I think by Congress's reference to 1201, it didn't intend it to bring it back just to certain subsections, but directly to your point, at least based on this Court's unpublished decision in Hopper, which dealt with kidnapping under the Elements Clause for purposes of Section 924C. I don't think the statute here would necessarily be divisible in the way you describe, in which case, you know, these are simply alternative means, and we would still be under the regular categorical approach as compared to the modified categorical approach. And that would not solve the problem, if that makes sense. You know, my reading of the Court's I think it does make sense, but with that same principle, that categorical principle as it relates to elements and means, would that apply when we're talking about mandatory minimum? Well, I guess it would, because of Elaine, that it would still matter that the jury would have to find, right? I think so. All right. And I see my time is almost out, unless there are any other questions. I have a question. Doesn't your position on 3559F2 make an entire provision, a statutory provision, rendered ineffectual like 1201? Sorry, I'm not sure I quite— Doesn't your position on F2 render completely ineffectual statutory provision under 1201? The 20-year mandatory minimum in 1201? I think so, but I also think that that was Congress's intent in, you know, just by way of statutory history. Congress imposed the 20-year mandatory minimum in 1201g in 2003, and just three years later, it enacted the 25-year mandatory minimum. And I think that that demonstrates a fairly clear purpose to enhance the penalties for kidnappings of minors. So while it is true that it would render that provision ineffectual, I still think that's the best reading of Congress's intent here. Is there any indication in the legislative history of F2 that it was doing what you say it was doing? You know, I would sort of just point to the overall purpose of the statute of 3559F, which enhanced penalties for kidnappings, or for crimes of violence against minors generally. You know, the title in the public law, and this is Public Law 109-248, Section 202, was, you know, assured punishment for violent crimes against children. I believe the purpose section in that public law talked about enhanced penalties, and so that would be where we draw that purpose, the enhancement of penalties. Talks about the what penalty? The enhancement of penalties. Okay, thank you, counsel. If I may briefly begin, I do want to, I would be remiss if I didn't correct the math here, or the numbers. So the statutory mandatory minimum that we're talking about is 25 years, not 30. So the difference here is between a 25-year mandatory minimum and 20. We all know that. If I said 30, I said 25. Okay, sorry. So again, fundamentally, our position is, when you look at F and you look at 2, what F said, this is all about crimes of violence against children. It has to first be a crime of violence, and then it says if that crime of violence is kidnapping. If all kidnappings were crimes of violence, as the government says, you wouldn't need to say crime of violence again in paragraph 2. And finally, I would just close by noting that the government has not disputed that if the court finds this error in the statutory interpretation, the error is not harmless on this record, and reversal for re-sentencing on all counts should occur. Thank you very much. All right. Thank you, counsel. Case is submitted. Thank you for your fine arguments.